UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| GUERRERO INVESTMENTS, LLC, § <br> § <br> Plaintiff, § <br> VS. § <br> § <br> AMERICAN STATES INSURANCE § <br> COMPANY, *et al*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 7:12-CV-430 |

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Now before the Court is Plaintiff Guerrero Investments, LLC's Motion to Remand. (Dkt. No. 4). Plaintiff originally filed suit against Defendants American States Insurance Company ("American States"), America First Insurance Company ("America First"), American Economy Insurance Company ("American Economy"), and Mason Catastrophe Claims Services, Inc. ("Mason") on October 2, 2012 in the 398th Judicial District Court, Hidalgo County, Texas. (Dkt. No. 2, Ex. C). Plaintiff's Original Petition alleges that it owns six properties in Hidalgo County that are insured by a policy with American States, America First, and American Economy (the "Defendant Insurers"). *Id.* at IV. On an undisclosed date, the properties "sustained covered losses in the form of windstorm, hailstorm, and water damages resulting there from, including damage to the architectural finishes of the properties." *Id.* Plaintiff reported the losses to the Defendant Insurers and alleges that "[d]espite the fact that all conditions precedent to Plaintiff's recovery [have] occurred and/or [have] been performed, [the Defendant Insurers] have failed and refused to pay Plaintiff a just amount in accordance with their contractual obligations, agreements, and representations." *Id.* at IV, V. The only reference to Defendant Mason in the "Facts" section of Plaintiff's pleading is the allegation that that the Defendant Insurers and

Mason "and/or its agents committed the actions alleged against Plaintiff in this complaint." *Id.* at IV. Plaintiff brings claims against the Defendant Insurers for breach of contract and breach of the duty of good faith and fair dealing, and against all Defendants for violations of the Texas Deceptive Trade Practices Act ("DTPA") and Texas Insurance Code, and for conspiracy. *Id.* at VI-XI. The damages sought by Plaintiff include statutory penalties, punitive damages, and attorney's fees. *Id.* at XIII. On November 14, 2012, Defendants removed the case from state court on the grounds that the Court has diversity jurisdiction over the action, in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States absent the improper joinder of non-diverse Defendant Mason. (Dkt. No. 2); *see* 28 U.S.C. §§ 1332(a)(1), 1441, 1446. Plaintiff has moved to remand, claiming that Mason is a properly joined Defendant. (Dkt. No. 4). Upon consideration of the record, in light of the relevant law, the Court finds that the Motion must be denied for the following reasons.

It is well-settled that "[t]o determine whether jurisdiction is present for removal, [the court must] consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 722 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). Plaintiff does not dispute that the requisite amount in controversy exists, and the Court finds that it is facially apparent from Plaintiff's original pleading that such amount exceeds the $75,000 jurisdictional minimum. *See* (Dkt. No. 4); *id.* at 723 (removing defendant can meet burden to show requisite amount in controversy if "it is apparent from the face of the petition that the claims are likely to exceed $75,000"); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[I]n addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under

state law are *inter alia* penalties, statutory damages, and punitive damages…."). Plaintiff also does not dispute that absent the joinder of Mason, complete diversity of citizenship would exist.[1] The Fifth Circuit has recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). Defendants have not claimed any actual fraud; therefore, this Court's inquiry is limited to whether a reasonable basis exists for predicting that Plaintiff might be able to recover against non-diverse Defendant Mason. *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 648). "This means that there must be a reasonable possibility of recovery, not merely a theoretical one." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003) (emphasis omitted). "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). The Court agrees with Defendants that Plaintiff's Original Petition does not identify a reasonable basis for recovery against Mason. The "Facts" section of the pleading makes no allegation specific to this Defendant, and the sections setting forth Plaintiff's causes of action against Mason amount to no more than conclusory recitations of the elements of Plaintiff's DTPA, Insurance Code, and conspiracy claims. In other words, Plaintiff's allegations lack the required "factual fit." The Court therefore finds that Mason's joinder in this suit is improper and that it must be dismissed as a party, and that the Court has diversity jurisdiction over the action.

---

[1] It is undisputed that Plaintiff and Mason are citizens of Texas, American States and American Economy are corporations organized under the laws of Indiana with their principal place of business in Massachusetts, and America First is a corporation organized under the laws of New Hampshire with its principal place of business in Massachusetts. (Dkt. No. 2 at ¶¶ 2-6; Dkt. No. 4).

For the foregoing reasons, the Court hereby **ORDERS** that Plaintiff's Motion to Remand (Dkt. No. 4) is **DENIED** and Mason Catastrophe Claim Service, Inc. is **DISMISSED** as a party to this action.

SO ORDERED this 17th day of September, 2013, at McAllen, Texas.

_____
Randy Crane
United States District Judge